IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MARLIN BAER,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**SALT LAKE CITY CORPORATION, LARRY BOWERS, COUNTY OF SALT LAKE, GENO GARCIA, JEFFERY SEIGAL, TENNO NAVAREZ, DON HUNSAKER, TRENTON HEINTZ, and IENA SWANKE,**[1]<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:13-cv-336-CW-PMW**<br><br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before the court are (1) Plaintiff's motion to vacate and strike a previous order issued by this court;[3] and (2) Salt Lake County and Jeffrey Steggall's (collectively, "County Defendants") motion for a protective order[4] and Salt Lake City

---

[1] The court identifies the named defendants in this caption in the same manner they are identified in Plaintiff Marlin Baer's ("Plaintiff") complaint. However, Plaintiff has either erroneously identified several of those defendants or misspelled several of their names. In the remainder of this memorandum decision and order, the court will refer to the named defendants by their correct names, as indicated in their pleadings.

[2] *See* docket no. 2.

[3] *See* docket no. 14.

[4] *See* docket no. 38.

Corporation, Larry Bowers, Geno Garcia, Rosendo "Teno" Nevarez, Don Hunsaker, and Faifuaina "Ina" Schwenke-Tauiliili's (collectively, "City Defendants") motion for a protective order.[5]  The court has carefully reviewed the written memoranda submitted by the parties on those motions.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).  The court will address the motions in the order indicated above.

## I. Plaintiff's Motion to Vacate and Strike

In this motion, Plaintiff seeks to vacate and strike an order entered by this court on May 31, 2013, granting the City Defendants an extension of time to respond to Plaintiff's complaint.[6]  Plaintiff argues that this court (i.e., a Magistrate Judge) does not have the authority to enter such orders in this case.  Instead, Plaintiff apparently believes that he is entitled to have all matters in this case decided by Judge Waddoups (i.e., a District Judge).  Plaintiff's argument is without merit.  A District Judge has clear authority to refer a case to a Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  After such a referral is entered, a Magistrate Judge has the authority to enter a final ruling on any nondispositive matter and issue a report and recommendation to the District Judge on any dispositive matter.  *See* 28 U.S.C. § 636(b)(1)(A)-(B); Fed. R. Civ. P. 72; *Doe v. Nev. Crossing, Inc.*, 920 F. Supp. 164, 165 (D. Utah 1996) ("Under the rules of this court[,] a matter referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) also includes all matters properly considered under 28 U.S.C. § 636(b)(1)(A).").  For that reason, Plaintiff's motion to

---

[5] *See* docket no. 33.

[6] *See* docket no. 8.

vacate and strike is denied.  If Plaintiff disagrees with decisions of this court, he is directed to the process for filing objections contained within 28 U.S.C. § 636(b)(1) and rule 72 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

## II.  Motions for Protective Order

In these motions, the County Defendants and the City Defendants each seek a protective order stating that they are not required to respond to Plaintiff's first set of discovery requests. The County Defendants and the City Defendants argue that Plaintiff's first set of discovery requests are premature.  The court agrees.

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  None of the exceptions identified in that rule apply in this case.  Accordingly, no discovery is allowed in this case until the parties have conferred as required by rule 26(f), which provides that "the parties must confer as soon as practicable" in order to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan."  Fed. R. Civ. P. 26(f)(1)-(2). In this case, no rule 26(f) conference has been held and, consequently, discovery is not yet permitted.  As such, Plaintiff's first set of discovery requests are premature.  Therefore, the County Defendants' and the City Defendants' motions for a protective order are granted.  Neither

the County Defendants nor the City Defendants are required to respond to Plaintiff's first set of discovery requests.

In addition to seeking a protective order, the County Defendants seek an award of reasonable expenses incurred in making their motion, pursuant to rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 37(a)(5)(A).  The court is not persuaded that such an award is appropriate under the circumstances.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  Accordingly, the County Defendants' request for an award of reasonable expenses is denied.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to vacate and strike a previous order issued by this court[7] is **DENIED**.

2. The City Defendants' motion for a protective order[8] and the County Defendants' motion for a protective order[9] are **GRANTED**.

**IT IS SO ORDERED**.

DATED this 3rd day of December, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 14.

[8] *See* docket no. 33.

[9] *See* docket no. 38.