# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **MARLIN BAER,**  **Plaintiff,**  v.  **SALT LAKE CITY CORPORATION, LARRY BOWERS, COUNTY OF SALT LAKE, GENO GARCIA, JEFFERY SEIGAL, TENNO NAVAREZ, DON HUNSAKER, TRENTON HEINTZ, and IENA SWANKE,**[1]  **Defendants.** | **REPORT AND RECOMMENDATION**  **Case No. 2:13-cv-336-CW-PMW**  **District Judge Clark Waddoups**  **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before the court are (1) Salt Lake City Corporation, Larry Bowers, Geno Garcia, Rosendo "Teno" Nevarez, Don Hunsaker, and Faifuaina "Ina" Schwenke-Tauiliili's (collectively, "City Defendants") motion to dismiss or, in the alternative, for summary judgment;[3] and (2) Plaintiff's three motions to strike the answers of Salt Lake

---

[1] The court identifies the named defendants in this caption in the same manner they are identified in Plaintiff Marlin Baer's ("Plaintiff") complaint. However, Plaintiff has either erroneously identified several of those defendants or misspelled several of their names. In the remainder of this report and recommendation, the court will refer to the named defendants by their correct names, as indicated in their pleadings.

[2] *See* docket no. 2.

[3] *See* docket no. 26.

County and Jeffrey Steggall (collectively, "County Defendants").[4] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings and other submissions liberally. *See, e.g., Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

In general, this case arises out of a criminal citation issued to Plaintiff on May 16, 2009, and his subsequent arrest on June 7, 2009, on a bench warrant for failure to appear at his arraignment. Plaintiff alleges that he was issued a citation from the Salt Lake City Corporation Department of Airports on May 16, 2009, while outside the Utah State Capitol building. Salt Lake City Justice Court records indicate that Plaintiff was cited on that day for four Class B Misdemeanor violations of Salt Lake City Code §§ 5.71.175, 5.71.190, 5.71.200, and 5.71.205, which all pertained to his failure to meet inspection and insurance requirements for his commercial ground transportation vehicle.[5]

---

[4] *See* docket nos. 20, 34, 40.

[5] Generally, rule 12(b) of the Federal Rules of Civil Procedure requires a court to treat a motion to dismiss as a motion for summary judgment when matters outside the complaint are considered. *See* Fed. R. Civ. P. 12(b). However, since the records of the Salt Lake City Justice Court are the type of information that is subject to judicial notice, they do not require the court to treat the motion to dismiss before the court as a motion for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004) (noting that court may take

Plaintiff alleges that he contacted the Salt Lake City Justice Court five days after the citation was issued and was told that the citation was not in the Salt Lake City Justice Court system. Plaintiff allegedly called the court again each day until the fourteenth day after the citation was issued, and was told that the citation was still not in the system. The citation was docketed with the Salt Lake City Justice Court on May 27, 2009, and an arraignment was set before Judge Virginia Ward on June 1, 2009. The Salt Lake City Justice Court docket shows that Plaintiff contacted the court on the morning of June 1, 2009, and that he was instructed to be to the court by 8:00 a.m. to see Judge Ward. Plaintiff alleges that he contacted the Salt Lake City Justice Court on June 4, 2009, and was informed that his failure to appear has resulted in the issuance of a warrant. Plaintiff claims that he appeared at the Salt Lake City Justice Court at 8:30 a.m. on June 5, 2009, and was not allowed to meet with the judge. On the same day, a bench warrant was ordered for Plaintiff based on his failure to appear at his June 1, 2009 arraignment.

On June 7, 2009, Plaintiff was arrested by Salt Lake City Airport Police Officer Trenton Hintze during a random identification inspection in the taxi and limousine parking lot at the Salt Lake City International Airport. Plaintiff was handcuffed, searched, and transported to the Salt Lake County Jail. Plaintiff alleges that he was then held at the Salt Lake County Jail for several hours, denied food or water by Salt Lake County Jail officials, strip searched, and interrogated. Finally, Plaintiff alleges that on January 1, 2012, all of his commercial vehicles were locked out of the Salt Lake City International Airport illegally for a period of five months. Plaintiff's

---

judicial notice of facts that are a matter of public record and that such facts may be considered by the court without converting a motion to dismiss into a motion for summary judgment).

complaint does not allege that any of the City Defendants were directly involved in his citation or arrest, or engaged in any specific conduct against him.

In his complaint, Plaintiff alleges specific causes of action for violation of his First, Fourth, and Eighth Amendment rights, as well as for denial of his "substantive rights to life, liberty, and pursuit of happiness."[6] However, the crux of Plaintiff's complaint appears to be a violation of his civil rights pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has alleged "pendant" causes of action under state law.

Plaintiff filed his original complaint on May 13, 2013.[7] On June 4, 2013, the County Defendants filed an answer to Plaintiff's original complaint.[8] The City Defendants filed their motion to dismiss or, in the alternative, for summary judgment on June 28, 2013.[9] Plaintiff filed an opposition to the motion on July 19, 2013.[10] On the same day, Plaintiff filed an amended complaint, which did not substantively change the allegations of the original complaint.[11] Instead, the amended complaint appears to be exclusively aimed at correcting some of the names of the named defendants. The City Defendants filed a reply memorandum in support of their motion on August 2, 2013, in which they responded to Plaintiff's arguments and objected to the

---

[6] Docket no. 1 at 13.

[7] *See* docket no. 1.

[8] *See* docket no. 9.

[9] *See* docket no. 26.

[10] *See* docket no. 27.

[11] *See* docket no. 28.

filing of Plaintiff's amended complaint.[12]  On August 7, 2013, the County Defendants filed an answer and an amended answer to Plaintiff's amended complaint.[13]

## ANALYSIS

As noted above, the motions before the court are (1) the City Defendants' motion to dismiss or, in the alternative, for summary judgment; and (2) Plaintiff's three motions to strike the answers of the County Defendants.  The court will address the motions in turn.

### I.  City Defendants' Motion

As noted above, subsequent to the filing of the City Defendants' motion to dismiss or, in the alternative, for summary judgment, Plaintiff filed an amended complaint.  In their reply memorandum in support of their motion, the City Defendants argue that Plaintiff's amended complaint should be stricken because Plaintiff failed to comply with the requirements of rule 15 of the Federal Rules of Civil Procedure.  Before reaching the merits of the City Defendant's motion, the court will consider whether Plaintiff's amended complaint should be stricken.

In relevant part, rule 15 of the Federal Rules of Civil Procedure, which governs amendments to a complaint, provides:

> (a)  Amendments Before Trial.
>     (1)  *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:
>         (A)  21 days after serving it, or

---

[12] *See* docket no. 29.

[13] *See* docket nos. 30, 31.

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)-(B).

In this case, Plaintiff's amended complaint was filed exactly 21 days after the filing of the City Defendants' motion. As such, it complies with the 21-day requirement of rule 15(a)(1)(B). Therefore, it is an acceptable pleading that Plaintiff was allowed to file "once as a matter of course." Fed. R. Civ. P. 15(a)(1). Nevertheless, as noted by the City Defendants, the outcome of their motion is unchanged even when Plaintiff's amended complaint is considered because, as noted above, the amended complaint does not change the substantive allegations of the original complaint. Accordingly, the court will address the merits of the City Defendants' motion as it applies to both of Plaintiff's complaints.

The City Defendants' move to dismiss all of Plaintiff's claims against them pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6). Alternatively, the City Defendants move for summary judgment on all of Plaintiff's claims against them pursuant to rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56. Because the court has determined that dismissal of Plaintiff's claims against the City Defendants is appropriate pursuant to rule 12(b)(6), the court will not reach the City Defendants' arguments concerning summary judgment.

The following legal standards govern the City Defendants' motion to dismiss, which seeks dismissal of Plaintiff's complaint under rule 12(b)(6). In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the

light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011). At the same time, the court is not required to accept conclusory allegations without supporting facts. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court recognized that while the pleading standard contained in rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. (quoting *Twombly*, 550 U.S. at 555, 557, 570) (alteration in original).

In support of their motion to dismiss, the City Defendants present separate arguments with respect to Plaintiff's claims against (A) the individual City Defendants (Larry Bowers, Geno Garcia, Rosendo "Teno" Nevarez, Don Hunsaker, and Faifuaina "Ina" Schwenke-Tauiliili's (collectively, "Individual City Defendants")) and (B) Salt Lake City Corporation. The City Defendants also present an argument concerning (C) Plaintiff's remaining "pendant" causes of action. The court will address those arguments in turn.

## A. Individual City Defendants

The Individual City Defendants argue that all of Plaintiff's claims against them should be dismissed because Plaintiff fails to allege that they personally participated in any unlawful activity.

> It is well-settled that personal participation is an essential element of a § 1983 action. Thus, to state a claim against an individual under Section 1983 a plaintiff must allege in his complaint specific facts showing an affirmative link between each named defendant and the violation of the plaintiff's civil rights.

*Smith v. Millett*, No. 2:07-CV-723 TS, 2009 U.S. Dist. LEXIS 89642, at *18 (D. Utah Sept. 28, 2009) (citations omitted). "[L]iability for a civil rights violation cannot be based on *respondeat superior*. In other words, a defendant may not be held liable merely because of his or her supervisory position." *Id*. at *20-21 (citations omitted). "It is not enough for [a plaintiff] to simply show that these defendants were in charge of other state actors who allegedly committed violations. He must show that each supervisor had personal involvement in the alleged violations." *Roberts v. Bradshaw*, No. 2:04-CV-1113 DAK, 2006 U.S. Dist. LEXIS 100372, at *10 (D. Utah Mar. 22, 2006) (footnotes and citations omitted).

In this case, Plaintiff named the Individual City Defendants in this lawsuit, alleging that they were each being sued for acts made in their individual and official capacities. However, Plaintiff alleges no facts affirmatively linking any of the Individual City Defendants to personal involvement in the alleged deprivation of his civil rights. Accordingly, the City Defendants' motion to dismiss, as it applies to the Individual City Defendants, should be granted.

**B. Salt Lake City Corporation**

Salt Lake City Corporation argues that all of Plaintiff's claims against it should be dismissed because he has failed to allege any facts to show that his rights were deliberately deprived because of a specific municipal policy or custom. "Even though local government bodies and municipalities are considered 'persons' under § 1983, a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Roberts*, 2006 U.S. Dist. LEXIS 100372, at *12 (quotations, citation, and footnote omitted). In order to impose liability on Salt Lake City Corporation, Plaintiff "must identify a specific municipal 'policy' or 'custom' that caused [his] alleged injury." *Id*. (quotations, citation, and footnote omitted). Plaintiff must also show that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, [Plaintiff] must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id*. at *12-13 (quotations, citation, and footnote omitted).

Plaintiff's allegations fail to meet this standard. The only allegations he makes against Salt Lake City Corporation are that it "knew or should have known that the Defendant HEINTZ [sic] intended to detain, accost, kidnap and abuse Plaintiff without a warrant or bona fide criminal process and with the use of force" and that Salt Lake City Corporation has "as a policy or custom neglected to train, supervise, control, correct the abuse of authority, or discourage the unlawful use of authority of the Defendant deputy sheriff."[14] These conclusory allegations, unsupported by any facts, do not meet the standard to impose liability against Salt Lake City

---

[14] Docket no. 1 at 11-12.

Corporation. There are no allegations of any Salt Lake City Corporation action designed to deliberately deprive Plaintiff of his constitutional rights. For that reason, the City Defendants' motion to dismiss, as it applies to the Salt Lake City Corporation, should be granted.

### C. "Pendant" Causes of Action

The City Defendants argue that Plaintiff's only remaining causes of action, which are "pendant" causes of action brought under state law, should be dismissed because Plaintiff failed to file a notice of claim under the Governmental Immunity Act of Utah ("GIAU") prior to filing this case. The GIAU requires that, prior to bringing suit against a governmental entity or governmental employee, a plaintiff must file a notice of claim with that governmental entity within one year of the date that his claim arises. *See* Utah Code § 63G-7-402. "Proper filing of the notice of claim is a jurisdictional requirement to filing suit." *Roberts*, 2006 U.S. Dist. LEXIS 100372 at *17.

According to the City Defendants, Plaintiff did not file a timely notice of claim with Salt Lake City Corporation prior to filing this lawsuit. In his opposition to the City Defendants' motion, Plaintiff does not dispute that he failed to do so. Accordingly, Plaintiff's "pendant" causes of action are barred by the GIAU and should be dismissed.

### II. Plaintiff's Motions to Strike Answers

In these motions, Plaintiff seeks to strike the County Defendants' answers. Plaintiff appears to argue that the answers should be stricken because counsel for the County Defendants did not enter a separate notice of appearance in addition to making filings in this case. That argument fails. Pursuant to civil rule 83-1.3(a) of the Rules of Practice for the United States District Court for the District of Utah, "[t]he filing of any

10

pleading, unless otherwise specified, will constitute an appearance by the person who signs such pleading, and such person will be considered counsel of record." DUCivR 83-1.3(a). In this case, the County Defendants' answers were signed and filed by its counsel, Darcy M. Goddard, who thereafter was "considered counsel of record" for the County Defendants.[15] *Id*. Accordingly, Plaintiff's motions to strike the County Defendants' answers should be denied.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. The City Defendants' motion to dismiss[16] be **GRANTED** and Plaintiff's claims against the City Defendants be **DISMISSED WITH PREJUDICE**.

2. Plaintiff's motions to strike the County Defendants' answers[17] be **DENIED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[15] *See* docket nos. 9, 30, 31.

[16] *See* docket no. 26.

[17] *See* docket nos. 20, 34, 40.

served with a copy of it. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 3rd day of December, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge