IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARLIN BAER,<br><br>  Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION, LARRY BOWERS, COUNTY OF SALT LAKE, GENO GARCIA, JEFFERY SEIGAL, TENNO NAVAREZ, DON HUNSAKER, TRENTON HEINTZ, and IENA SWANKE,[1]<br><br>  Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:13-cv-00336-CW-PMW<br><br>Judge Clark Waddoups |

This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Dkt. No. 2.) Consistent with Judge Warner's treatment of the case, because Plaintiff is proceeding *pro se*, the court will liberally construe his pleadings and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted).

On December 3, 2013, Judge Warner issued a Report and Recommendation recommending that the court grant the Motion to Dismiss filed by the City Defendants (as defined in Judge Warner's Report and Recommendation) and deny Plaintiff's three motions to strike the Answers filed by County Defendants (also as defined in Judge Warner's Report and

---

[1] The court identifies the named defendants in this caption in the same manner they are identified in Plaintiff Marlin Baer's Complaint. However, Plaintiff has either erroneously identified several of those Defendants or misspelled several of their names.

Recommendation). (*See* Dkt. No. 55.)

Plaintiff filed an untimely Objection to Judge Warners' Report and Recommendation (Dkt. No. 58.) However, the court has nevertheless carefully reviewed and considered Plaintiff's Objection given his *pro se* representation, though the court will not be favorably disposed to future untimely filings.

The court is unpersuaded by Plaintiff's objections and will adopt Judge Warner's Report and Recommendation in its entirety. In doing so, the court notes Plaintiff's repeated objection that he never consented to the case's referral to a magistrate judge. (Dkt. Nos. 11, 13, 58.) This argument fails because "the consent of the parties was not required for the district judge to refer the case to a magistrate judge" under 28 U.S.C. § 636(b)(1)(B), under which provision Judge Warner "only made findings of fact and recommendations" and "the ultimate decision-making authority was retained by the district court." *Lineberry v. United States*, 436 Fed. Appx. 293, 295 (5th Cir. June 3, 2010) (internal citations and quotations omitted). To be clear, contrary to Plaintiff's objection that "[a] Magistrate has no jurisdiction in an Article III Court of Law," it is well-established that "referral to the magistrate [under 28 U.S.C. § 636(b)(1)(B)] did not deprive [Plaintiff] of a trial by" an Article III Court of Law "since the district court was free to accept, reject, or modify the magistrate's recommendation and since the district court entered the final judgment in the case." *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

Here, as in *Lineberry* and *Jackson*, the court has reviewed the magistrate's recommendation and will exercise its "ultimate decision-making authority" by entering final judgment in this case. Upon a *de novo* review of Judge Warners' findings, the court APPROVES AND ADOPTS Judge Warners' Report and Recommendation (Dkt. No. 55) in its entirety.

Accordingly, following Judge Warners' Report and Recommendation (Dkt. No. 55), and

for the reasons stated therein, the court hereby ORDERS as follows:

- The City Defendants' Motion to Dismiss (Dkt. No. 26) is GRANTED and Plaintiff's claims against the City Defendants are therefore dismissed with prejudice.
- Plaintiff's motions to strike the County Defendants' Answers (Dkt. Nos. 20, 34, 40) are DENIED.

SO ORDERED this 24th day of April, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Judge