# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **MARLIN BAER,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SALT LAKE CITY CORPORATION, LARRY BOWERS, COUNTY OF SALT LAKE, GENO GARCIA, JEFFERY SEIGAL, TENNO NAVAREZ, DON HUNSAKER, TRENTON HEINTZ, and IENA SWANKE,** <br><br> **Defendants.** | **REPORT AND RECOMMENDATION** <br><br><br> **Case No. 2:13-cv-336-CW-PMW** <br><br><br><br><br> **District Judge Clark Waddoups** <br><br> **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Marlin Baer's ("Plaintiff") motion for summary judgment.[2] The court has carefully reviewed the motion. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument on the motion is not necessary. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 2.

[2] *See* docket no. 56.

## BACKGROUND

In general, this case arises out of a criminal citation issued to Plaintiff on May 16, 2009, and his subsequent arrest on June 7, 2009, on a bench warrant for failure to appear at his arraignment.  Plaintiff alleges that he was issued a citation from the Salt Lake City Corporation Department of Airports on May 16, 2009, while outside the Utah State Capitol building.  Salt Lake City Justice Court records indicate that Plaintiff was cited on that day for four Class B Misdemeanor violations of Salt Lake City Code §§ 5.71.175, 5.71.190, 5.71.200, and 5.71.205, which all pertained to his failure to meet inspection and insurance requirements for his commercial ground transportation vehicle.

Plaintiff alleges that he contacted the Salt Lake City Justice Court five days after the citation was issued and was told that the citation was not in the Salt Lake City Justice Court system.  Plaintiff allegedly called the court again each day until the fourteenth day after the citation was issued, and was told that the citation was still not in the system.  The citation was docketed with the Salt Lake City Justice Court on May 27, 2009, and an arraignment was set before Judge Virginia Ward on June 1, 2009.  The Salt Lake City Justice Court docket shows that Plaintiff contacted the court on the morning of June 1, 2009, and that he was instructed to be to the court by 8:00 a.m. to see Judge Ward.  Plaintiff alleges that he contacted the Salt Lake City Justice Court on June 4, 2009, and was informed that his failure to appear had resulted in the issuance of a warrant.  Plaintiff claims that he appeared at the Salt Lake City Justice Court at 8:30 a.m. on June 5, 2009, and was not allowed to meet with the judge.  On the same day, a bench warrant was ordered for Plaintiff based on his failure to appear at his June 1, 2009 arraignment.

On June 7, 2009, Plaintiff was arrested by Salt Lake City Airport Police Officer Trenton Hintze during a random identification inspection in the taxi and limousine parking lot at the Salt Lake City International Airport. Plaintiff was handcuffed, searched, and transported to the Salt Lake County Jail. Plaintiff alleges that he was then held at the Salt Lake County Jail for several hours, denied food or water by Salt Lake County Jail officials, strip searched, and interrogated. Finally, Plaintiff alleges that on January 1, 2012, all of his commercial vehicles were locked out of the Salt Lake City International Airport illegally for a period of five months.

In his complaint, Plaintiff alleges specific causes of action for violation of his First, Fourth, and Eighth Amendment rights, as well as for denial of his "substantive rights to life, liberty, and pursuit of happiness."[3] However, the crux of Plaintiff's complaint appears to be a violation of his civil rights pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has alleged "pendant" causes of action under state law.

## **ANALYSIS**

The motion before the court is Plaintiff's motion for summary judgment against all of the named defendants in this case. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the court views "all facts in the light most favorable to the party opposing summary judgment." *Chastain v. AT&T*, 558 F.3d 1177, 1180 (10th Cir. 2009) (quotations and citation omitted).

In his motion, Plaintiff asserts that he is entitled to summary judgment against all of the named defendants in this case for several reasons. First, Plaintiff asserts that the named

---

[3] Docket no. 1 at 13.

defendants have committed perjury of some kind.  Second, Plaintiff contends that the named defendants have committed, and continue to commit, "abuses" against him, his family, and his company.  Third, Plaintiff asserts that he has attempted to settle this matter unsuccessfully, which he apparently believes entitles him to summary judgment.  Fourth, Plaintiff maintains that the named defendants have not complied with the Federal Rules of Civil Procedure because they have not answered his premature discovery requests.  Finally, Plaintiff argues that there can be no rulings on any pleadings without a jury present.  Plaintiff has attached an affidavit to his motion that purportedly supports those arguments.

In considering these arguments, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Bellmon*, 935 F.2d at 1110.

With those concepts in mind, the court concludes that Plaintiff's motion should be denied.  Put simply, Plaintiff's short motion does not demonstrate that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Plaintiff has not referenced the facts averred in his complaint and demonstrated that those facts are undisputed, nor has he presented any valid arguments, supported by relevant legal authority, demonstrating that he is entitled to judgment as a matter of law.  Indeed, nowhere in Plaintiff's motion does he even reference the standard for summary judgment contained in rule

4

56(a) of the Federal Rules of Civil Procedure.  Furthermore, none of the arguments set forth above would support a grant of summary judgment in his favor.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for summary judgment[4] be **DENIED**.  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 3rd day of June, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 56.