IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARLIN BAER,<br><br>                        Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION, LARRY BOWERS, COUNTY OF SALT LAKE, GENO GARCIA, JEFFERY SEIGAL, TENNO NAVAREZ, DON HUNSAKER, TRENTON HEINTZ, and IENA SWANKE,[1]<br><br>                        Defendants. | **ORDER DENYING MOTIONS FOR RECONSIDERATION, GRANTING 54(b) RELIEF, AND ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:13-cv-00336-CW-PMW<br><br>Judge Clark Waddoups |

**I.    Motions to Reconsider Order Dated April 25, 2014 Adopting Report and Recommendations**

The court entered an Order Adopting Report and Recommendation on April 25, 2014 (Dkt. No. 63) in which it approved and adopted the Report and Recommendation of Magistrate Judge Paul M. Warner (Dkt. No. 55) recommending that the Motion to Dismiss (Dkt. No. 26) of City Defendants (as defined therein) be granted. As noted in its Order dated April 25, 2014, because Plaintiff is proceeding *pro se*, the court has liberally construed his pleadings, holding them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). The court, however, has not adopted the role of advocate for Plaintiff, and accords Plaintiff's filings the merit they deserve based on

---

[1] The court identifies the named defendants in this caption in the same manner they are identified in Plaintiff Marlin Baer's Complaint. However, Plaintiff has either erroneously identified several of those Defendants or misspelled several of their names.

the substance of their arguments. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff has filed a number of pleadings responsive to the court's Order dated April 25, 2014. (*See* Dkt. Nos. 66, 68, 71.) Though variously styled, each is in essence a Motion to Reconsider the Order dated April 25, 2014 adopting the Report and Recommendation. Although motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure, courts entertain them under Rule 54(b), if they are interlocutory, or under Rule 60(b), if they are final. *See Raytheon Constructors v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).

The Tenth Circuit has affirmed that "revisiting" issues in a motion for reconsideration that have already been addressed in the initial briefing "is not the purpose of a motion to reconsider"; more importantly, "advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is "inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1242 & 1244 (10th Cir. 1991) (internal quotation marks and citations omitted). Plaintiff's various pleadings do both. Moreover, "[r]elief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances" such as those listed in Rule 60(b). *Id.* (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). No such grounds are present here. "Motions to reconsider are not to be used as a second chance when a party has failed to present its strongest case in the first instance." *Sec. Serv. Fed. Credit Union v. First Am. Mortgage Funding, LLC*, 906 F. Supp. 2d 1108, 1111 (D. Colo. 2012).

Each of Plaintiff's filings objecting to the court's Order dated April 25, 2014 raises the same arguments as his earlier filings in the case. The various filings "cover everything from a request to vacate the Court's order granting the City Defendants' Motion to Dismiss and challenging the Court's jurisdiction of this case to identifying the Court as a defendant," going so far as to "request oversight by a three-judge panel from the United States Court of International Trade." (City Defs.' Resp. 2 [Dkt. No. 70].) The court also is not impressed with the various allegations of fraud, conflict of interest, even bribery on the part of Judge Warner and this court.

Though argued passionately, Plaintiff's arguments in these filings are wholly without substantive merit. As the court found following the recommendation of Judge Warner, Plaintiff has not satisfied the requirements necessary to overcome a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, the court must affirm its Order dated April 25, 2014 and dismiss Plaintiff's claims against the City Defendants with prejudice.

## II.  City Defendants' Rule 54(b) Motion

Once the court issued its Order Adopting Report and Recommendation on April 25, 2014 (Dkt. No. 63), City Defendants moved the court to certify this Order as a Final Judgment as to the City Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Under this Rule,

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay.

For the reasons stated in the City Defendants' Motion and Memorandum, and for good cause shown therein, the Court hereby GRANTS the motion, and certifies its Order Adopting

3

Report and Recommendation on April 25, 2014 (Dkt. No. 63) as a final judgment with respect to the Court's Order dismissing Plaintiff's claims against the City Defendants.

## III.     Report and Recommendation dated June 3, 2014

Plaintiff moved for summary judgment. (Dkt. No. 56, 76.)[2] As has been noted (*see* Order dated April 25, 2014 [Dkt. No. 63]), this case has been referred to United States Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B) (*see* Dkt. No. 2). On June 3, 2014, Judge Warner issued a Report and Recommendation recommending that the court deny Plaintiff's Motion for Summary Judgment in its entirety. (Dkt. No. 74.) Plaintiff failed to file an Objection or other response to Judge Warner's Report and Recommendation within the permitted timeframe. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

Accordingly, and upon a *de novo* review of the Judge Warner's findings, the court APPROVES AND ADOPTS Judge Warner's Report and Recommendation (Dkt. No. 74) in its entirety, denying Plaintiff's motions for summary judgment (Dkt. Nos. 56, 76).

## IV.     Conclusion

For the reasons stated above, the court DENIES Plaintiff's various motions for reconsideration (Dkt. Nos. 66, 68, 71), GRANTS City Defendant's Motion for Certification (Dkt. No. 64) and CERTIFIES its Order Adopting Report and Recommendation on April 25, 2014 (Dkt. No. 63) as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil

---

[2] Plaintiff filed a second Request for Summary Judgment Based on Facts, Law and Failure by Defendants to Comply with Rules of Procedure (Dkt. No. 76) on August 15, 2014 that was in all substantial respects identical to his previous Request for Summary Judgment (Dkt. No. 56), which was the focus of Judge Warner's Report and Recommendation (Dkt. No. 74). Because Plaintiff's second motion "raises substantially the same arguments as his prior motion for summary judgment, which the Court denied (Dkt. No. 75), and presents no additional material facts or legal arguments that would entitle him to judgment as a matter of law," the court considers it together with Judge Warner's Report and Recommendation relating to Plaintiff's first, virtually verbatim motion for summary judgment in the interest of judicial economy.

Procedure with respect to the Court's Order dismissing Plaintiff's claims against the City Defendants, and APPROVES AND ADOPTS Judge Warner's Report and Recommendation (Dkt. No. 74) in its entirety, thus DENYING Plaintiff's motions for summary judgment (Dkt. Nos. 56, 76).

SO ORDERED this 11th day of September, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Judge