## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **MARLIN BAER,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| | **Case No. 2:13-cv-336** |
| v. | |
| **SALT LAKE CITY CORPORATION, et al.,** | |
| | **District Judge Clark Waddoups** |
| Defendants. | **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Marlin Baer's ("Plaintiff") "Motion for Default Judgment on Salt Lake County,"[2] and (2) "Motion for Default Judgment II for Paul Warner Ignoring Attorney Impersonation and Ujlawful [sic] Practice of Law."[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 2.

[2] *See* docket no. 187.

[3] *See* docket no. 188.

As an initial matter, because Plaintiff is proceeding pro se, the court will liberally construe his pleadings and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Thus, the court will make allowances for Plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations and citation omitted). That said, Plaintiff's pro se status does not discharge him from having to comply with the Federal Rules of Civil Procedure, nor will the court assume an advocacy role on Plaintiff's behalf. *See Pedersen v. Mountain View Hosp.*, No. 1:11-CV-16-CW, 2011 WL 7277319, at *1 (D. Utah Aug. 31, 2011).

Plaintiff has filed two separate motions for the entry of default judgment against Salt Lake County and Officer Jeffrey Steggall (collectively, "County Defendants"). In his first motion, Plaintiff asserts that default judgment against County Defendants is warranted because (1) counsel for County Defendants "did not have a filed Oath of Office until January 7th, 2015;" (2) counsel for County Defendants "illegally performed the duties of Deputy District Attorney;" (3) "[a]ll legal filing, complaints, dispositive and positive motions, oppositions, motions and briefs" filed by counsel for County Defendants prior to January 7, 2015 "are void;" (4) counsel for County Defendants "committed fraud;" (5) counsel for County Defendants "misappropriated funds of the State of [U]tah by collecting a check from the county without legally holding her office;" and (6) County Defendants "fraudulent misrepresented themselves to the court and to the Plaintiff."[4] In his second motion for default judgment, Plaintiff asserts that default judgment

---

[4] Docket no. 187 at 6.

against County Defendants is warranted on the basis of this court's alleged misconduct. Specifically, Plaintiff contends that this court has ignored "attorney impersonation and unlawful practice of law;" conspired "to commit unlawful practice of law, 17 counts at minimum;" "continued to ramrod through this case and denied Plaintiff the right to truth in evidence by throwing out ALL of his properly notice subpoenaed witness depositions;" and "allowed Ms. Goddard to perform her duties illegally even after he was notified of her crimes in open court."[5]

Rule 55 of the Federal Rules of Civil Procedure governs default and default judgment. *See* Fed. R. Civ. P. 55(a)-(b). In particular, "Rule 55 mandates a two-step process for a party who seek a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) (unpublished table decision). "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket." *Id.* (quoting Fed. R. Civ. P. 55(a)). "Second, following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court therefor.'" *Id.* (quoting Fed. R. Civ. P. 55(b)).

Plaintiff has not demonstrated, and cannot so demonstrate, that County Defendants have "failed to plead or otherwise defend" in this matter. *Id.* County Defendants filed an answer to Plaintiff's complaint on June 4, 2013.[6] County Defendants have repeatedly responded to Plaintiff's various motions and have actively engaged in defending against this lawsuit. Furthermore, this court's alleged misconduct does not provide a basis for entering default or default judgment against County Defendants.

---

[5] Docket no. 188 at 1-2.

[6] *See* docket no. 9.

Based on the foregoing, this court **RECOMMENDS** that Plaintiff's motions for default judgment[7] be **DENIED**.

Copies of this Report and Recommendation will be sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 16th day of June, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket nos. 187 and 188.

4