IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MARLIN BAER,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**SALT LAKE CITY CORPORATION, et al.,**<br><br>            **Defendants.** | **ORDER**<br><br>**Case No. 2:13-cv-336**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Marlin Baer's ("Plaintiff") "Short Form Motion to Compell [sic] Discovery of Salt Lake County Defendants, and Make Just, the Witholding [sic] of Evidence and Perjury Under Oath by Jeffrey Steggall."[2]

Plaintiff seeks an order compelling Salt Lake County and Officer Jeffrey Steggall (collectively, "County Defendants") to (1) identify the female office that assisted Officer Steggall in the search and strip search of Plaintiff; (2) provide the full written report of Plaintiff's search and strip search; (3) produce the full written report from the unidentified female officer that assisted Officer Steggall in the search and strip search of Plaintiff; and (4) require Officer Steggall to explain why counsel instructed him not to answer the deposition questions, why he

---

[1] *See* docket no. 2.

[2] *See* docket no. 205.

was told to withhold information during discovery, why he won't admit that he "cavity searched" Plaintiff, and why he won't name the female officer who assisted him.[3] Plaintiff further requests that the court either allow him to use the deposition testimony of certain witnesses he deposed without properly noticing those depositions or re-depose those witnesses. Plaintiff also seeks an additional thirty (30) days in which to complete this requested discovery.

While Plaintiff's motion appears to stem from a telephone conference held on June 21, 2016, during Officer Steggall's deposition, much of what Plaintiff seeks, the court has already addressed in prior rulings.[4] Thus, the court will construe Plaintiff's motion as a motion for reconsideration.

"A motion for reconsideration is not specifically provided for in the rules of civil procedure." *Lacefield v. Big Planet*, No. 2:06-cv-844-DB, 2008 U.S. Dist. LEXIS 51523, at *1 (D. Utah July 3, 2008). However, it is within the court's discretion to reconsider a previous order. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Tenth Circuit has indicated that a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed.

---

[3] Docket no. 205 at 6-7.

[4] *See* docket nos. 178 and 182.

*Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-139-DAK, 2007 U.S. Dist. LEXIS 68371, at *5 (D. Utah Sept. 14, 2007); *see also Lacefield*, 2008 U.S. Dist. LEXIS 51523, at *2 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

    Plaintiff has failed to demonstrate that there has been an intervening change in the controlling law since the court ruled on these issues at the May 23, 2016 hearing, or that new evidence exists that was previously unavailable. Further, Plaintiff has not established that there was clear error in or manifest injustice from this court's previous order.

    As this court instructed at the June 21 telephone conference, depositions are tools used in discovery to obtain information. Plaintiff asks a question, opposing counsel makes objections for the record, and deponent answers the question (unless an answer would reveal information protected by some privilege). Plaintiff may not like the answers given by Officer Steggall, or he may want the answers to be different, but that does not necessarily mean that Officer Steggall has "perjured himself under Oath [sic]" or that he has been "coached."[5] The court further explained at the telephone conference that if Plaintiff believes opposing counsel has improperly instructed

---

[5] Docket no. 205 (check).

Officer Steggall not to answer a question on the grounds of privilege, Plaintiff may bring a motion to compel. While Plaintiff's instant motion is a motion to compel, Plaintiff fails to set forth a question(s) to which the answer(s) was improperly withheld on the basis of privilege. Instead, Plaintiff's motion simply rehashes old arguments regarding reports and the identity of the female officer that Plaintiff believes have been improperly withheld.

County Defendants have repeatedly informed Plaintiff, as well as the court, that they have produced all requested documents in their custody and control as required by the Federal Rules of Civil Procedure. The court cannot order County Defendants to produce documents they do not possess. Furthermore, the court cannot order Officer Steggall to change his answers in the deposition to Plaintiff's liking.

Because the court has already ruled on the issues addressed in Plaintiff's motion, and Plaintiff fails to provide a proper basis for reconsidering those rulings, Plaintiff's motion is **DENIED**. Furthermore, Plaintiff's requests to re-depose certain witnesses and to extend the fact discovery deadline are likewise **DENIED**.

**IT IS SO ORDERED**.

DATED this 23rd day of June, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge