# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| MARLIN BAER,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13-cv-336<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Marlin Baer's ("Plaintiff") filing entitled "Objection to the August 9, 2016 Hearing on Partial Summary Judgment #140, and Summary Judgment #209: 3rd Motion for Change of Venue."[2] The court will construe Plaintiff's filing as a (1) motion to stay the hearing scheduled for August 9, 2016, and (2) motion to change venue.

Plaintiff argues that this court (or perhaps the Tenth Circuit) should stay the hearing on Plaintiff's Motion for Partial Summary Judgment[3] and Salt Lake County and Officer Jeffrey

---

[1] *See* docket no. 2.

[2] Docket no. 227.

[3] *See* docket no. 140.

Steggall's (collectively, "County Defendants") Motion for Summary Judgment[4] that are currently scheduled for August 9, 2016, at 2:00 p.m. and grant his third motion to change venue filed in this case. Plaintiff's purported grounds for his requests are the following:

> 1. This hearing is set before a bias [sic] Judge Paul Warner: who; a. Plaintiff filed 3 non consents to a magistrate; b. who was taken off this case once due to bias; c. who has proven time and time again he is conspiracy [sic] with the city and county to dismiss Plaintiffs [sic] case; d. who has suppressed plaintiffs [sic] evidence; e. who has suppressed witness testimony; f. who has allwed [sic] an impersonating individual to practice law in his courtroom; g. who has practiced law from the bench by telling Plaintiff he could not call witnesses; h. who has signed orders without hearings in favor of the city and county; 2. Plaintiff has shown the bias of this Magistrate and filed 2 complaints and asked he be removed from the case 8 times; 3. Plaintiff has requested a change of venue twice, due to the extreme bias and corruption of this Judicial Venue in Salt Lake City, Utah.[5]

Plaintiff is setting forth the same arguments ad nauseam that this court has repeatedly rejected. Plaintiff has failed to provide a sufficient basis to stay the hearing on Plaintiff's and Defendants' dispositive motions. The parties have been on notice of the hearing since July 18, 2016. That should be more than sufficient time to adequately prepare for oral argument. Accordingly, Plaintiff's motion to stay the hearing on August 9, 2016 is **DENIED**.

Furthermore, Plaintiff has again failed to demonstrate that a change of venue is warranted in this case. As indicated in an order dated July 11, 2016,[6] change of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." *Id.* Plaintiff has failed to demonstrate that transferring venue to

---

[4] *See* docket no. 209.

[5] Docket no. 227 at 1.

[6] *See* docket no. 218.

another district would be convenient to the parties or witnesses in this action or that this action may have originally been brought in another district. As such, Plaintiff's motion to transfer venue is likewise **DENIED**.

Plaintiff is once again reminded that merely because the court has failed to rule in his favor, does not mean that the court is biased against him. Thus, to the extent that Plaintiff's filing again seeks recusal, that request is **DENIED**.

**IT IS SO ORDERED**.

DATED this 3rd day of August, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge