IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARLIN BAER,<br><br>      Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION, et al.,<br><br>      Defendants. | **ORDER ADOPTING REPORTS AND RECOMMENDATIONS**<br><br>Case No. 2:13-cv-00336-CW-PMW<br><br>Judge Clark Waddoups |

   This case was assigned to United States District Court Judge Clark Waddoups, who subsequently referred it to United States Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] (*See* Dkt. No. 2.)

   Consistent with Judge Warner's treatment of the case, because Mr. Bear is not an attorney and represents himself, the court liberally construes his filings and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

---

[1] Contrary to Plaintiff Marlin Bear's belief that Magistrate Judge Warner is "not authorized" to hear summary judgment motions and make recommendations in this case under 28 U.S.C. § 636(b)(1)(A), (*see* Dkt. No. 233, p. 2; Dkt. No. 235, p. 1–2), the court notes that § 636(b)(1)(A) does not apply here because the court referred the case to Judge Warner under 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1)(B) states, in relevant part:

> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . .

The court reminds Mr. Bear that "the consent of the parties was not required for the district judge to refer the case to a magistrate judge" under 28 U.S.C. § 636(b)(1)(B), under which provision Judge Warner "only made findings of fact and recommendations" and "the ultimate decision-making authority was retained by the district court." *Lineberry v. United States*, 436 Fed. App'x 293, 295 (5th Cir. 2010) (internal citations and quotations omitted).

94 (2007) (quotations and citation omitted). But the court does not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Pro se parties must follow the same rules of procedure as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Moreover, the litigant has the responsibility to present to the court evidence, which if believed by a jury, would support his claim. The court cannot assume from a litigant's representations that such evidence exists, even drawing all inferences most favorably to the party seeking to avoid summary judgment.

On June 20, 2016, Judge Warner issued a Report and Recommendation recommending the court deny Mr. Baer's motions for default judgment against Salt Lake County. (*See* Dkt. No. 201.) On September 7, 2016, Judge Warner issued a separate Report and Recommendation recommending the court deny Mr. Baer's Motion for Partial Summary Judgment (Dkt. No. 140) and grant the County Defendants' (as defined in Judge Warner's Report and Recommendation) Motion for Summary Judgment (Dkt No. 209). (*See* Dkt. No. 55.)

Mr. Baer did not timely object to either Report and Recommendation. Mr. Baer has, however, filed a number of objections to Judge Warner's August 9, 2016 hearing on the summary judgment motions and to Judge Warner's authority to make recommendations and rulings in the case generally. (*See* Dkt. Nos. 226, 230, 233, 235.) The court has reviewed these objections and carefully considered Judge Warner's Reports and Recommendations, as well as the parties' underlying filings.

With respect to summary judgment, Mr. Baer fails to object to the substance of Judge Warner's findings and conclusions recommending dismissal of Mr. Baer's claims against the County Defendants. The court sees no bias in Judge Warner's reasoned conclusion that Mr. Baer

has not provided evidence on which a reasonable juror could conclude that the County Defendants committed any constitutional violation in this case or maintained constitutionally defective policies, practices, or customs. (*See* Dkt. 234, p. 18.) The court understands that, from his perspective, Mr. Baer believes he was treated unfairly. Indeed, Mr. Baer's encounter with law enforcement may have been harsh and the civil violations with which he was charged may have—and perhaps should have—been resolved in a less intrusive manner. It is likely, however, that Mr. Baer must also bear some responsibility for the way these civil matters were resolved and law enforcement's response to him. Nevertheless, the only evidence presented shows Mr. Baer is without grounds to challenge that the County Defendants acted appropriately within the mandates of the Constitution and the discretion granted to them to carry out their duties. Upon *de novo* review of Judge Warner's findings, the court APPROVES AND ADOPTS Judge Warner's Report and Recommendation (Dkt. No. 234) in its entirety.

Judge Warner also recommended Mr. Baer's motions for default judgment be denied because Mr. Baer cannot demonstrate that the County Defendants have "failed to plead or otherwise defend" in this matter. (Dkt. No. 201, p. 3.) Mr. Baer likewise did not object to this Report and Recommendation. As Judge Warner noted, County Defendants' have actively engaged in the case by answering and defending against Mr. Baer's motions. Moreover, this court's conduct cannot be a basis for default judgment against a defendant. Thus, the court APPROVES AND ADOPTS Judge Warner's Report and Recommendation on Mr. Baer's motions for default judgment (Dkt. No. 201) in its entirety.

Finally, the Court has reviewed Mr. Baer's Motion to Set Aside and Vacate Judge Warner's rulings at a hearing on May 23, 2016. (Dkt. No. 199.) Mr. Baer presents no specific grounds on which the court might overrule Judge Warner's May 23, 2016 rulings. Judge Warner

resolved many pending, often duplicative motions related to discovery disputes and gave the parties further guidance in completing discovery in the case, as well as a timeline for filing and responding to dispositive motions. (*See* Dkt. No. 182.) The rulings assisted in moving the case toward a just and speedy resolution. (*See id.*, p. 2.) The Court finds no basis to reverse these rulings.

Accordingly, following Judge Warner's Reports and Recommendations (Dkt. Nos. 201, 234), and for the reasons stated therein, the court hereby ORDERS as follows:

- Mr. Baer's Motion for Partial Summary Judgment (Dkt. No. 140) is DENIED.

- The County Defendants' Motion for Summary Judgment (Dkt. No. 209) is GRANTED and Mr. Baer's claims against the County Defendants are therefore dismissed with prejudice.

- Mr. Baer's motions for default judgment against Salt Lake County (Dkt. Nos. 187 & 188) are DENIED.

The Court also DENIES Mr. Bear's Motion to Set Aside and Vacate Judge Warner's rulings on May 23, 2016 (Dkt. No. 199).

DATED this 3rd day of October, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Judge